■ In the Matter of PETER J. NG, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [674 NYS2d 520] —Per Curiam. Respondent was admitted to practice by this Court in 1978 and maintained a law office in Monticello.

Effective April 21, 1998, this Court suspended respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) by reason of his conviction of income tax evasion in violation of 26 USC § 7201, a serious crime under Judiciary Law § 90 (4) (d), until such time as a final disciplinary order was entered; he was further ordered to show cause why such a final disciplinary order should not be made (*Matter of Ng*, 249 AD2d 679). Respondent appeared and was heard in mitigation on June 2, 1998.

Respondent filed Federal income tax returns for the years 1989 to 1991 underreporting taxes owed by almost $300,000. On April 22, 1998, he was sentenced in Federal District Court to five months imprisonment and two years of supervised release, five months of which are to be served under home confinement. He was ordered to pay all taxes due and fined $24,142.59. It appears respondent is now current on all of his tax obligations. Respondent expresses remorse for his criminal conduct. He had an unblemished disciplinary record prior to his conviction and interim suspension. A number of attorneys have submitted affidavits pleading for leniency on respondent's behalf and praising his excellent reputation for honesty and integrity and his devotion to his clients.

Under the circumstances presented, we conclude that respondent should be suspended for a period of one year.

Mikoll, J. P., Mercure, Crew III, White, and Yesawich Jr., JJ., concur. Ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public

authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.